```
DATE 10/14/2016          JANIE GLOVER, DISTRICT CLERK           RECEIPT #    38149
                                 PO BOX 189
TIME 10:03                    PALO PINTO, TX 76484              FILE #       M10588

RECEIVED OF: WRIGHT & GREENHILL

       FOR:

DESCRIPTION: COPIES/JC

                                                  AMOUNT DUE         $14.00
                                                                ------------
                                                  AMOUNT PAID        $14.00
                                                                ------------
                                                     BALANCE          $.00

                                                  PAYMENT TYPE K
                                            CHECK NO         88740
                                               COLLECTED BY JC
```

# CITATION FOR PERSONAL SERVICE
# THE STATE OF TEXAS

**TO:** STATE FARM LLOYDS
REGISTERED AGENT CORPORATION SERVICE COMPANY
DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY
211 E 7th ST, SUITE 620
AUSTIN, TEXAS 78701

**YOU ARE HEREBY COMMANDED** to appear before the Honorable 29th District Court of Palo Pinto County, Texas at the Courthouse of said county in Palo Pinto, Texas, by filing a written answer, at or before 10 o'clock a.m. of the first Monday next after twenty days after the date of service of this citation to Petitioner's Original Petition filed in said Court, by CHRISTOPHER E STOY (Attorney for Plaintiff or Plaintiff), whose address is 509 PECAN STREET, SUITE 201, FORT WORTH, TEXAS 76102 ON the 28th day of September, 2016, in this case, numbered <u>C47341</u> on the docket of said court, and styled

**CRAWFORD, SETH    VS    STATE FARM LLOYDS**

The nature of Petitioner's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereto.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**NOTICE TO DEFENDANT:** "YOU HAVE BEEN SUED." You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation, a default judgment may be taken against you.

Issued and given under my hand and seal of said Court at Palo Pinto, Texas this the 29th day of September, 2016.

Janie Glover
P.O. Box 189
Palo Pinto, TX
76484-0189

Attested: JANIE GLOVER, DISTRICT CLERK
29th Judicial District Court
Palo Pinto County, Texas
By: _____, Deputy

*****************************************************************
## SHERIFF'S RETURN

Came to hand on the ____ day of _____, 20__, at ____ o'clock _M, and executed on the ____ day of _____, 20__, by delivering to the within named defendants, to-wit:_____ at ____ o'clock _M, each, in person a true copy of this citation with a true and correct copy of the Petitioner's Petition attached thereto having first endorsed on such copy of said citation the date of delivery.
  The distance actually traveled by me in serving such process was _____ miles, and my fees are as follows:
For serving this citation $_____
For mileage------------- $_____
Total Fees-------------- $_____

To certify which witness my hand officially.

Sheriff _____
_____ County, Texas

By_____
Deputy

**CERTIFIED TRUE AND CORRECT COPY CERTIFICATE**
**STATE OF TEXAS**
**COUNTY OF PALO PINTO**

The document to which this certificate is affixed is a full, true and correct copy of the original on file and of record in my office.

ATTEST: *[signature]* 10.14.16

JANIE GLOVER, DISTRICT CLERK
PALO PINTO COUNTY, TEXAS

BY *[signature]* DEPUTY

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: __C47341__   COURT *(FOR CLERK USE ONLY)*: __29th__

STYLED __Seth Crawford vs. State Farm Lloyds__
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: Christopher E. Stoy | Email: cstoy@hsjustice.com | Plaintiff(s)/Petitioner(s): Seth Crawford | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address: 509 Pecan St., Ste. 201 | Telephone: 817-820-0100 | | Additional Parties in Child Support Case: |
| City/State/Zip: Fort Worth, TX 76102 | Fax: 817-820-0111 | Defendant(s)/Respondent(s): State Farm Lloyds | Custodial Parent: |
| Signature: /s/ Chris Stoy | State Bar No: 24075125 | | Non-Custodial Parent:<br><br>Presumed Father: |

[Attach additional page as necessary to list all parties]

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**
*Debt/Contract*
☐ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:
*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☒ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
  ☐ Accounting
  ☐ Legal
  ☐ Medical
  ☐ Other Professional Liability:
☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
  ☐ Asbestos/Silica
  ☐ Other Product Liability
  List Product:
☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

**Related to Criminal Matters**
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus—Pre-indictment
☐ Other:

**Employment**
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Other Civil**
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other:

### Family Law

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
  ☐ With Children
  ☐ No Children

**Other Family Law**
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other:

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child:

**Tax**
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

**Probate & Mental Health**
*Probate/Wills/Intestate Administration*
  ☐ Dependent Administration
  ☐ Independent Administration
  ☐ Other Estate Proceedings
☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other:

**FILED** at 4:10 PM-AM   SEP 28 2016
JANIE GLOVER, DISTRICT CLERK
PALO PINTO COUNTY TEXAS
BY _____ DEPUTY

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

Rev. 2/13

CERTIFIED TRUE AND CORRECT COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF PALO PINTO

The document to which this certificate is affixed is a full, true and correct copy of the original on file and of record in my office.

ATTEST: *[signature]* 10.14.16

JANIE GLOVER, DISTRICT CLERK
PALO PINTO COUNTY, TEXAS

BY _____*[signature]*_____ DEPUTY

Case 4:16-cv-00986-O Document 1-2 Filed 10/21/16 Page 6 of 18 PageID 14

Filed 9/28/2016 4:10:44 P
Janie Glov
District Cle
Palo Pinto County, T
By: Julie Bo
Depu

CAUSE NO. C47341

| | | |
|---|---|---|
| SETH CRAWFORD | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| VS. | § § | PALO PINTO, TEXAS |
| STATE FARM LLOYDS | § § § | 29TH JUDICIAL DISTRICT |
| Defendants. | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Seth Crawford files this Original Petition complaining of State Farm Lloyds. This lawsuit arises from State Farm Lloyds's failure to accept coverage pursuant to an insurance policy for certain residential property damaged vandalism that occurred to his house on or about August 9, 2016. Plaintiff would respectfully show the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under Discovery Level 3 pursuant to Texas Rule of Civil Procedure 190.4.

## II.
## RULE 47

2. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees. The amount of monetary relief actually awarded,

however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## III.
## PARTIES AND SERVICE

3. Plaintiff Seth Crawford is an individual resident of Tarrant County, Texas. His social security number is XXX-XX-X375. His Georgia driver's license number is XXXXXX826.

4. Defendant State Farm Lloyds is a foreign insurance company that transacts business in the State of Texas. State Farm Lloyds may be served with process through its registered agent Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## IV.
## VENUE AND JURISDICTION

5. Venue is proper in this Court pursuant to Texas Civil Practice & Remedies Code § 15.002(a) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Palo Pinto County, Texas.

6. This Court has jurisdiction because the amount in controversy is within the jurisdictional limits of this court.

## V.
## FACTUAL BACKGROUND

7. State Farm Lloyds issued Homeowner's Policy Number 85-CW-E231-0 (hereinafter referred to as "the Policy") which provided for loss of use and replacement cost coverage of the Plaintiff's home located at 1009 Mesquite Ridge, Graford, Texas 76449 (hereinafter referred to as the "Property"). The Policy was effective from June 30, 2016 to June 30, 2017.

8. On or about August 9, 2016, John Price entered the house and vandalized it. Mr. Price broke two main entry doors and proceeded to do the following but not limited to: shattered both

hallways with hammers and golf clubs breaking double pain custom windows; took all food from the refrigerator and free standing freezer and violently threw it across house; took knives and stabbed them into all personal and commissioned art paintings throughout house; picked up and threw a Fredrick Remington bronze through the wall; threw collectable geology rocks through 3 TV's; busted and or drank ~25 bottles of Napa wine and liquor; cracked tile floors throughout house with busted bottles of wine; cracked wood floors with the Remington bronze ; busted multiple bottles of wine and rocks thrown through various walls in the house.

9. Subsequent to the vandalism, rain storms have blown water inside the house between plywood boarding up broken windows and causing damaged to window frames.

10. Moreover, various tools in the detached shop were thrown on the ground breaking the tools; the protective cabinet for the exterior cameras was beat on with a hammer as the criminal tried to open it.

11. As a result of the vandalism, Mr. Crawford suffered significant losses, including real and personal property damage and loss of use damages. He also suffered mental anguish as a result of the claim process.

12. Plaintiff filed a claim with State Farm Lloyds around the middle of August 2016. (hereinafter referred to as "the Claim" or "Plaintiff's Claim").

13. State Farm Lloyds numbered Plaintiff's Claim as 43-8X98-205.

14. State Farm Lloyds and Simone Strickland and Debbie Parker to adjust the Claim.

15. Following the loss, Mr. Crawford obtained multiple estimates for general repairs, and tv and electronic installation which he provided to Ms. Parker. The repairs estimates totaled approximately $160,000. Mr. Crawford also provided Ms. Strickland with a spreadsheet listing out personal property that was damaged or destroyed by the vandal. The personal property loss

totals approximately $181,112. Further, Mr. Crawford suffered loss of use damages as he could no longer use his home office.

16. So far State Farm has only paid Mr. Crawford $24,447.05. State Farm Lloyds is continuing to delay the claims handling process and undervaluing Mr. Crawford's claim. On September 1, 2016, Ms. Parker wrote Mr. Crawford a lengthy email basically denying to pay for most of Mr. Crawford's claimed damages. She has since wrote additional emails stating unreasonable reasons for why she and State Farm are denying Plaintiff's claim.

## VI.
## CAUSES OF ACTION

**A.     Causes of Action Against State Farm Lloyds**

    **1.     Breach of Contract**

17. Plaintiff adopts and incorporates each of the foregoing paragraphs into this section of the Petition.

18. Plaintiff entered into an insurance contract (the Policy) with State Farm Lloyds, thus making State Farm Lloyds obligated to provide coverage to Plaintiff for any loss or damage to his Property covered by the Policy. Plaintiff has incurred such losses.

19. State Farm Lloyds has materially breached the Policy by refusing to pay Plaintiff's claim in accordance with the Policy which constitutes a repudiation and/or breach of the Policy. All conditions precedent to recovery have been performed or have occurred, yet State Farm Lloyds has refused to fully pay Plaintiff on his valid Claim.

20. As a result of State Farm Lloyds's breach, Plaintiff was required to seek legal representation. Plaintiff is entitled to recover reasonable and necessary attorneys' fees from State Farm Lloyds in accordance with TEX. CIV. PRAC. & REM. CODE § 38.001. *et seq.*

## 2. Violations of the Texas Insurance Code

21. Plaintiff adopts and incorporates each of the foregoing paragraphs into this section of the Petition.

22. State Farm Lloyds qualifies as a "Person...engaged in the business of insurance" as defined by §541.002 of the Texas Insurance Code.

23. Plaintiff timely filed his Claim with State Farm Lloyds. After filing the Claim, estimates were produced to State Farm Lloyds.

24. State Farm Lloyds failed to timely, and has yet to fully pay Plaintiff for the losses sustained to his Property as covered by the Policy.

25. As a result of its failure to promptly and wholly cover Plaintiff's losses, State Farm Lloyds is liable to Plaintiff under the Texas Insurance Code Chapter 541, §541.152 for unfair settlement practices under the following provisions of §541.060(a):

> (a)(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
>    (A) a claim with respect to which the insurer's liability has become reasonably clear
> (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim
> (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim

26. State Farm Lloyds is also liable under unfair claim settlement practices under the Texas Insurance Code 542, §542.060 for failure to comply with provisions of §§542.003, 542.056, and 542.058, including the following:

> §542.003
>    (b)(1) knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue
>    (2) failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;

      (3) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policy

      (4) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear;

      (5) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by a policyholder.

§542.056

      (a) Except as provided in Subsection (b) or (d), an insurer shall notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receive all items, statements, and forms required by the insurer to secure final proof of loss.

...

      (c) If the insurer rejects the claim, the notice required by Subsection (a) or (b) must state the reasons for the rejection.

      (d) If the insurer is unable to accept or reject the claim within the period specified by Subsection (a) or (b), the insurer, within that same period, shall notify the claimant of the reasons that the insurer needs additional time. The insurer shall accept or reject the claim not later than the 45th day after the date the insurer notifies a claimant under this subsection.

§542.058

      (a) Except as provided otherwise, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items provided by Section 542.060.

**Knowing Conduct by State Farm Lloyds and Request for Attorneys' Fees and Request for Statutory Interest**

27. Each of the foregoing unfair settlement practices was committed knowingly by State Farm Lloyds and was a producing cause of Plaintiff's injuries and damages.

28. Pursuant to Texas Insurance Code, Chapter 541.152, Plaintiff is entitled to three times his actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorneys' fees.

29. As a result of State Farm Lloyds's breach and failure to comply with its obligations under the Policy and applicable law, Plaintiff seeks all reasonable and necessary attorneys' fees as provided by § 541.152(a)(1) and 542.060 of the Texas Insurance Code.

30. In addition to attorneys' fees, Plaintiff is entitled to recover statutory interest at the rate of 18% per annum due to State Farm Lloyds's failure to comply with Chapter 542.

### 3. Breach of the Common Law Duty of Good Faith and Fair Dealing

31. Defendant State Farm Lloyds owed Plaintiff the duty to deal fairly and in good faith in processing Plaintiff's Claims. State Farm Lloyds breached its duty of good faith and fair dealing by refusing to pay Plaintiff's Claim and for intentionally undervaluing Plaintiff's Claim.

### 4. Common Law Fraud

32. Defendant State Farm Lloyds knowingly or recklessly made false misrepresentations, as set forth above, as to material facts and/or concealed all or part of material information from Plaintiff with the intent of inducing Plaintiff to accept a denial and/or underpayment of insurance benefits. Defendant knew the failure to pay an/or underpayment was false. Plaintiff justifiably relied upon Defendant's misrepresentations and suffered injury as a result.

## VII
## DAMAGES

33. As previously mentioned, the damages caused by the vandalism have not been properly addressed or repaired causing undue hardship and burden to Plaintiff. These damages are a direct result of State Farm Lloyds' mishandling of Plaintiff's Claim in violation of the laws set forth above.

34. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorneys' fees.

35. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorneys' fees.

36. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE § 541.152.

37. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

38. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

39. For violations of the Texas Deceptive Trade Practices Act, Plaintiff is entitled to actual damages which include loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorneys' fees

40. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

## VIII
## TRIAL BY JURY

41. Plaintiff requests a trial by jury and will pay the applicable fee.

## IX
## REQUEST FOR DISCLOSURE

42. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Rule 194.2.

## IX
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that a formal judgment be rendered for Plaintiff as follows:

1. Judgment against Defendant for actual damages in an amount to be determined by the jury;

2. Statutory benefits;

3. Treble damages;

4. Pre-judgment interest as provided by law;

5. Post-judgment interest as provided by law;

6. Attorneys' fees;

7. Costs of suit; and

8. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

*/s/ Christopher E. Stoy*
**CHRISTOPHER E. STOY**
State Bar No. 24075125
cstoy@hsjustice.com
**SUSAN E. HUTCHISON**
State Bar No. 10354100
hutch@hsjustice.com

HUTCHISON & STOY, PLLC
509 Pecan Street, Suite 201
Fort Worth, Texas 76102
Tel:   (817) 820-0100
Fax:   (817) 820-0111

**ATTORNEYS FOR PLAINTIFF**

Print this page

# Envelope 12957810

**Case Information**

| | |
|---|---|
| Location | Palo Pinto County - District Clerk |
| Date Filed | 09/28/2016 04:10:44 PM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | Christopher Stoy |
| Firm Name | Hutchison & Stoy, PLLC |
| Filed By | Tracy Lopez |
| Filer Type | Not Applicable |
| Damages Sought | Over $1,000,000 |

47341

**Fees**

| | |
|---|---|
| Convenience Fee | $9.39 |
| Total Court Case Fees | $267.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $58.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $334.39 |

**Payment**

| | |
|---|---|
| Account Name | HS |
| Transaction Amount | $334.39 |
| Transaction Response | |
| Transaction ID | 20679648 |
| Order # | 012957810-0 |

**Petition**

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition |
| Filing Description | Plaintiff's Original Petition |
| Reference Number | Seth Crawford |
| Comments | Please call our office at (817) 820-0100 when citation and Petition are ready for pick up. We will call our process server to pick up once ready. Thanks |
| Status | Submitted |

**Fees**

| | |
|---|---|
| Court Fee | $58.00 |
| Service Fee | $0.00 |
| Optional Services | |
| >Copies - Non-Certified | $10.00 (10 x $1.00) |
| >Jury Fee | $40.00 |
| >Issue Citation | $8.00 |

**Documents**

| *Lead Document* | PLAINTIFF'S ORIGINAL PETITION.pdf | [Original] |
| *Attachments* | Civil Cover Sheet.pdf | [Original] |

**CERTIFIED TRUE AND CORRECT COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF PALO PINTO**

The document to which this certificate is affixed is a full, true and correct copy of the original on file and of record in my office.

ATTEST: _____ 10-14-16

JANIE GLOVER, DISTRICT CLERK
PALO PINTO COUNTY, TEXAS

BY _____ DEPUTY